UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MARIANNE POWELL-KLINE
        Plaintiff,           :

        v.

F.H CANN & ASSOCIATES, INC.;    :    Civil Action No.:
JASON BEERS;
JOHN DOE 1,
        Defendants.

## COMPLAINT

**A.    Jurisdiction and Venue**

1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.    Parties**

3.    Plaintiff Marianne Powell-Kline is a natural person who resides at 1229 June Road, Warminster, PA 18974.

4.    Defendant F.H. Cann & Associates Inc. ("Cann") is a corporation with principal offices at 1600 Osgood St., North Andover, MA 01845. Cann regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Jason Beers, is a natural person employed by Defendant Cann as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe 1, whose dunning or partial legal name is "Allen", is a natural person employed by Defendant Cann as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

C.   **Factual Allegations**

7. On or about late October, 2010, defendant Cann contacted the pay roll department at plaintiff's place of employment to confirm plaintiff was employed there.

8. After the payroll clerk confirmed plaintiff's employment, John Doe 1 told the payroll clerk he needed to speak with plaintiff immediately or he would be forced to attach plaintiff's wages.

9. Defendant John Doe 1 informed the clerk his organization was a government agency who needed to contact me immediately because plaintiff owed them money. Believing what she was told by Cann, the payroll clerk provided John Doe 1 with plaintiff's cell and home phone contact information.

10. Thereafter, Defendant John Doe 1 contacted plaintiff by phone and stated that his organization was associated with the Pennsylvania Higher Education Assistance Agency in the collections department and demanded of plaintiff how she was going to pay back her student loan.

11. Plaintiff inquired as to what loan he was talking about and was told she owed over $90,000 in student loans.

12. Plaintiff denying owing any loan and that she could prove that it once she had her college finance records in hand.

13. Defendant John Doe 1 told her they were going to increase the amount by $10,000 per month until plaintiff paid what she owed and further advised plaintiff that she should re-mortgage her home to pay the debt in full.

14. Plaintiff asked that he e-mail her a copy stating what was owed and how the debt figure was calculated.

15. Defendant John Doe 1 stated he did not have the means to send anything to plaintiff electronically and asked me for plaintiff's address.

16. Plaintiff told Defendant John Doe 1 she was going to call the University she attended for her Master's degree to understand how she could owe the claimed amount of money.

17. Defendant John Doe 1 demanded that plaintiff make payment arrangements with him before she called the University.

18. On or about October 29, 2010, Defendants Beers and Cann sent to the payroll department at plaintiff's place of employment an "Order of Withholding", ostensibly upon authority of the U.S. government, directing said department to garnish plaintiff's wages to satisfy an alleged outstanding educational loan of in excess of $100,000 (hereinafter "the alleged debt").

19. In or around November 17, 2010, plaintiff received the following email communication from her employer's payroll department:

> Marianne,
> I wanted to let you know that I have received paperwork from Jason Beers at F.H. Cann & Associates, Inc. to begin garnering your wages effective next weeks pay. Allen with F.H. called and asked that I forward you his phone number as he

would prefer not to garner your wages but instead setup a payment agreement with you. His number is 1-877-750-9800, ext. 276. If you call him and an arrangement is made that does not involve payroll garnering your paycheck Allen has until Friday to send a letter stating that I should not garner your pay.

20. In or around November 18, 2010, Plaintiff through counsel sent a cease and desist letter to defendants because governing federal law required defendants, if said debt is owed, to take precedent action prior to lawful wage garnishment of a delinquent debt under Title 20 § 1095a, specifically that the debtor is given a minimum of 30 days prior to the initiation of garnishment proceedings, an opportunity to inspect and copy records relating to the debt, and an opportunity to enter into a written agreement with the federal guaranty agency or the Secretary, or his designee, as appropriate, to establish a schedule for the repayment of the debt.

21. On or about November 24, 2010, Defendant Cann sent to plaintiff's counsel a letter stating they were collecting on plaintiff's account for American Student Assistance with specific information attached regarding plaintiff's student loans indicating their original number prior to said loans being consolidated with ACS in September, 2007.

22. In or around November 18, 2010, ACS responded to plaintiff's query as to the status of her student loans confirming that all of her student loans had been consolidated and paid in full.

23. As a result of defendant's actions, plaintiff has been charged legal fees by her employer to handle the attempted garnishment.

24. Defendants' attempt to collect a debt form Plaintiff that she did not owe and to do so by illegal involvement of her employer and its legal and payroll department was a false and deceptive collection practice, as well as unfair to the Plaintiff, and done in

violation of numerous and multiple provisions of the FDCPA including but not to limited to 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

25. Defendants' claims that ASA had any current interest in and had hired defendants to collect the debt were false and deceptive and in violation of numerous and multiple provisions of the FDCPA including but not to limited to 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(14), and 1692f, amongst others.

26. Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' aforesaid conduct.

**D.    Causes of Action**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## TRIAL BY JURY

31.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against  each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for such other and further relief as may be just and proper.


Dated: December 20, 2010

RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
Attorney for Plaintiff